Filed: 2/21/2019 1:44 PM
Clerk
Madison County, Indiana

**48C03-1902-CT-000029**

Madison Circuit Court 3

STATE OF INDIANA          )          IN THE MADISON          COURT
                               ) SS:

COUNTY OF MADISON         )          CAUSE NO.

MICHAEL RICHARDSON

     VS.

PAY LESS SUPER MARKETS, INC.

## COMPLAINT FOR DAMAGES

     Comes now the plaintiff, Michael Richardson, by counsel, Ken Nunn Law Office, and for cause of action against the defendant, Pay Less Super Markets, Inc., alleges and says:

     1.     That on or about July 15, 2018, the plaintiff, Michael Richardson, was a customer at the Pay Less Super Market located at 1900 Applewood Center Drive in Anderson, Madison County, Indiana.

     2.     That on or about July 15, 2018, the plaintiff, Michael Richardson, slipped and fell on a slippery substance in the aisle at said location, causing the plaintiff to suffer serious injuries.

     3.     That it was the duty of the defendant to use ordinary care and diligence to keep and maintain the said premises in a condition reasonably safe for its intended uses and free from all defects and conditions which would render the premises dangerous and unsafe for plaintiff, or present an unreasonable risk of harm to plaintiff in his lawful use of same.

     4.     That it was the duty of the defendant to exercise reasonable care to protect plaintiff, by inspection and other affirmative acts, from the danger of reasonably foreseeable injury occurring from reasonably foreseeable use of said premises.

     5.     That it was the duty of the defendant to have available sufficient personnel and equipment to properly inspect and maintain the aforesaid premises in a condition reasonably safe for plaintiff and free from defects and conditions rendering the premises unsafe.

     6.     That it was the duty of the defendant to warn plaintiff of the dangerous and unsafe condition existing on said premises.

     7.     That the defendant knew or should have known of the unreasonable risk of danger to the plaintiff but failed either to discover it or to correct it after discovery.

-2-

8.     That the fall and resultant permanent injuries of plaintiff were caused by the negligence of the defendant who failed to utilize reasonable care in the inspection and maintenance of said premises.

9.     That the aforesaid acts of negligence on the part of the defendant were the proximate cause of the injuries sustained by the plaintiff.

10.     That the plaintiff has incurred medical expenses and other special expenses, and will incur future medical expenses, lost wages and other special expenses, as a direct and proximate result of defendant's negligence.

WHEREFORE, the plaintiff demands judgment against the defendant for permanent injuries in a reasonable amount to be determined at the trial of this cause, for medical expenses and other special expenses, for future medical expenses, lost wages and other special expenses, court costs, and all other proper relief in the premises.

KEN NUNN LAW OFFICE


BY:     */s/ Rom Byron*
        Rom Byron, #21268-49
        KEN NUNN LAW OFFICE
        104 South Franklin Road
        Bloomington, IN  47404
        Phone: (812) 332-9451
        Fax: (812) 331-5321
        E-mail: romb@kennunn.com


## **REQUEST FOR TRIAL BY JURY**

Comes now the plaintiff, by counsel, Ken Nunn Law Office, and requests that this

matter be tried by jury pursuant to Trial Rule 38.

-3-

KEN NUNN LAW OFFICE


BY:   */s/ Rom Byron*
      Rom Byron, #21268-49
      KEN NUNN LAW OFFICE
      104 South Franklin Road
      Bloomington, IN  47404
      Phone: (812) 332-9451
      Fax: (812) 331-5321
      E-mail: romb@kennunn.com


Rom Byron, #21268-49
Ken Nunn Law Office
104 South Franklin Road
Bloomington, IN 47404
Telephone:  812-332-9451
Fax Number:   812-331-5321
Attorney for Plaintiff

48C03-1902-CT-000029
Madison Circuit Court 3

Filed: 2/21/2019 1:44 PM
Clerk
Madison County, Indiana

# APPEARANCE FORM (CIVIL)
## Initiating Party

| | | |
|---|---|---|
| | CAUSE NO: | |
| 1. | Name of first initiating party | Michael Richardson<br>P.O. Box 602<br>Anderson, IN  46015 |
| 2. | Telephone of pro se initiating party | NA |
| 3. | Attorney information (as applicable for service of process) | Rom Byron #21268-49<br>Ken Nunn Law Office<br>104 South Franklin Road<br>Bloomington, IN  47404<br>PHONE:        812 332-9451<br>FAX:            812 331-5321<br>Email:  rom@kennunn.com |
| 4. | Case type requested | CT (Civil Tort) |
| 5. | Will accept FAX service | YES |
| 6. | Are there related cases | NO |
| 7. | Additional information required by State or Local Rules | |
| Continuation of Item 1 (Names of initiating parties) | | NAME:<br>NAME: |
| Continuation of Item 3 (Attorney information as applicable for service of process) | | |

Case 1:19-cv-01768-RLY-MPB   Document 1-1   Filed 05/01/19   Page 5 of 21 PageID #: 9

48C03-1902-CT-000029
Madison Circuit Court 3

Filed: 2/21/2019 1:44 PM
Clerk
Madison County, Indiana

CIRCUIT/SUPERIOR COURTS FOR THE COUNTY OF MADISON
STATE OF INDIANA
GOVERNMENT CENTER, 16 EAST 9TH STREET
ANDERSON, INDIANA  46016

Michael Richardson

Plaintiff(s)

VS.                                            No. _____

Pay Less Super Markets, Inc.

Defendant(s)

## SUMMONS

The State of Indiana to Defendant: **Pay Less Super Markets, Inc., c/o Corporation Service Company, 135 North Pennsylvania Street, Suite 1610, Indianapolis, IN 46204**

You have been sued by the person(s) named "plaintiff" in the court stated above.

The nature of the suit against you is stated in the complaint which is attached to this document.  It also states the demand which the plaintiff has made and wants from you.

You must answer the complaint in writing, by you or your attorney, within Twenty (20) days, commencing the day after you receive this summons, or judgment will be entered against you for what the plaintiff has demanded.  You have twenty-three (23) days to answer if this summons was received by mail.  **Such Answer Must Be Made In Court.**

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

Date: 2/21/2019                                  _Olivia Pratt_ MJS
                                                CLERK, MADISON CIRCUIT/SUPERIOR COURTS

ROM BYRON, #21268-49
ATTORNEY FOR PLAINTIFF
KEN NUNN LAW OFFICE
104 FRANKLIN ROAD
BLOOMINGTON, IN   47404
TELEPHONE: (812)332-9451

**ACKNOWLEDGMENT OF SERVICE OF SUMMONS**

A copy of the above summons and a copy of the complaint attached thereto were received by me at _____ 2019.

_____
SIGNATURE OF DEFENDAN

PRAECIPE:  I designate the following mode of service to be used  by the Clerk.

XX        By certified or registered mail with return receipt to above address.

☐        By Sheriff delivering a copy of summons and complaint personally to defendant or by leaving a copy of the summons and complaint at his dwelling house or usual place of abode with some person of suitable age and discretion residing therein.

☐        By _____d elivering a copy of summons and complaint personally to defendant or by leaving a copy of the summons and complaint at his dwelling house or usual place of abode.

☐        By serving his agent as provided by rule, statute or valid agreement, to-wit:

KEN NUNN LAW OFFICE

BY: _____/s/ ROM BYRON_____
         ATTORNEY FOR PLAINTIFF

CERTIFICATE OF MAILING:  I certify that on the __ day of _____, 2019, I mailed a copy of this summons and a copy of the complaint to each of the defendant(s) by (registered or certified mail requesting a return receipt signed by the addressee only, addressed to each of said defendant(s) at the address(es) furnished by plaintiff.

Dated this __ day of _____, 2019.

_____
CLERK, MADISON COUNTY

**RETURN OF SERVICE OF SUMMONS BY MAIL:**  I hereby certify that service of summons with return receipt requested was mailed on the __ day of _____, 2019, and that a copy of the return of receipt was received by me on the __ day of _____, 2019, which copy is attached herewith.

_____
CLERK, MADISON COUNTY

**CERTIFICATE OF CLERK OF SUMMONS NOT ACCEPTED BY MAIL:**  I hereby certify that on the __ day of _____, 2019, I mailed a copy of this summons and a copy of the complaint to the defendant(s) by (registered or certified) mail, and the same was returned without acceptance this __ day of _____, 2019, and I did deliver said summons and a copy of the complaint to the Sheriff of Madison County, Indiana.

Dated this __ day of _____, 2019.

_____
CLERK, MADISON COUNTY

**RETURN OF SUMMONS:**  This summons came to hand on the __ day of _____, 2019, and I served the same on the __ day of _____, 2019.
1.   By mailing a copy of the summons and complaint personally to _____ address _____.
2.   By delivering a copy of summons and complaint personally to _____.
3.   By leaving a copy of the summons and complaint at _____t he dwelling house or usual place of abode of defendant:_____(Na me of Person) and by mailing by first class mail a copy of the summons on the __ day of _____, 2019 to _____h is last known address.
4.   By serving his agent as provided by rule, statute or valid agreement to-wit:_____
      ____.
5.   Defendant cannot be found in my bailwick and summons was not served.

And I now return this writ this __ day of _____, 2019.

_____
SHERIFF or DEPUTY

**RETURN ON SERVICE OF SUMMONS:**  I hereby certify that I have served the within summons:

1.   By delivery on the __ day of _____, 2019 a copy of this summons and a copy of the complaint to each of the within named defendant(s)_____
      defendant(s)
2.   By leaving on the ___ day of _____, 2019 for each of the within named defendant(s)_____
      ., a copy of the summons and a copy of the complaint at the respective dwelling house or usual place of abode with _____
      ____ a person of suitable age and discretion residing therein whose usual duties or activities include prompt communication of such information to the person served.
3.   _____a nd by mailing a copy of the summons without the complaint to _____a t _____t he last known address of defendant(s).
      All done in Madison County, Indiana.

Fees:  $_____

_____
SHERIFF or DEPUTY



Return Receipt Article Number

0 9256 9904 2968 4108 06

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____

□ Agent
□ Addressee

B. Received by (Printed Name)

C. Date of Delivery

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:   □ No

1. Article Addressed to:

Pay Less Super Markets, Inc.
c/o Corporation Service Company
135 North Pennsylvania Street, Suite 1610
Indianapolis, IN 46204

2. Article Number
   (Transfer from service label)

7256 9904 2968 4108 03

3. Service Type: **CERTIFIED MAIL**

4. Restricted Delivery? (Extra Fee)   □ Yes

USPS TRACKING #



First-Class Mail®
Postage & Fees Paid
USPS®
Permit No. G-10

9590 9266 9904 2968 4108 06

**United States**
**Postal Service®**

● Sender: Please print your name, address and ZIP+4® below ●

KEN NUNN LAW OFFICE
FRANKLIN PL
104 S FRANKLIN RD
BLOOMINGTON IN 47404-5295

Vut Michael Richardson

Filed: 3/7/2019 1:49 PM
Madison County Circuit Court 3
Madison County, Indiana

STATE OF INDIANA             )        IN THE MADISON CIRCUIT COURT
                             ) SS:
COUNTY OF MADISON            )        CAUSE NO.:  48C03-1902-CT-000029

MICHAEL RICHARDSON,                        )
                                           )
              Plaintiff,                   )
                                           )
       vs.                                 )
                                           )
KROGER LIMITED PARTNERSHIP I d/b/a         )
PAY LESS SUPER MARKETS, INC.,              )
                                           )
              Defendant.                   )

## E-FILING APPEARANCE BY ATTORNEY IN CIVIL CASE

1.    The party on whose behalf this form is being filed is:

                Initiating:____        Responding:__XX____        Intervening:___; and

the undersigned attorney and all attorneys listed on this form now appear in this case for the        following parties:

        Name of parties___Kroger Limited Partership I d/b/a Pay Less Super Markets, Inc._____

Address of party *(see Question #6 below if this case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order)*

_____

_____

Telephone # of party_____
 *(List on continuation page additional parties this attorney represents in this case.)*

2.    Attorney information for service as required by Trial Rule 5(B)(2):

        Name:__ Jeffrey S. Zipes_____    Attorney Number:__15303-29_____
        Address:_ Coots, Henke & Wheeler, P.C._    Telephone:_____317  844-4693_____
               255 East Carmel Drive             FAX:_____317  573-5385_____
            Carmel, Indiana 46032-2689    Computer Address: jzipes@chwlaw.com
            *(List on continuation page additional attorneys appearing for above party)*

IMPORTANT: Each attorney specified on this appearance:

   (a)  certifies that the contact information listed for him on the Indiana Supreme Court Roll of Attorneys
        is current and accurate as of the date of this Appearance;
   (b)  **acknowledges that all orders, opinions, and notices from the court in this matter that are
        served under Trial Rule 86(G) will be sent to the attorney at the email address(es) specified**

**by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney; and**

(c)  **understands that he is solely responsible for keeping his Roll of Attorneys contact information accurate, see Ind. Admis. Disc. R. 2(A).**

Attorneys can review and update their Roll of Attorneys contact information on the Clerk of Courts Portal at http://portal.courts.in.gov.

3.    This is a __CT____ case type as defined in administrative rule 8(B)(3):

4.    This case involves child support issues.  Yes:___        No:_X_  *(If yes, supply social security numbers for all family members on separately attached document filed as confidential information on **light green paper**.  Use Form TCM-TR3.1-4.)*

5.    This case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order.  Yes: ____ No____XX____ *(If Yes, the initiating party must provide an address for the purpose of legal service but that address should not be one that exposes the whereabouts of a petitioner.)*  The party shall use the following address for purposes of legal service:

_____        Attorney's address
_____        The Attorney General Confidentiality program address
                 (Contact the Attorney General at 1-800-321-1907 or e-mail address is **confidential@atg.state.in.us).**
_____        Another address (provide)

This case involves a petition for involuntary commitment.  Yes: _____ No: _X___

6.      If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:

a.    Name of the individual subject to the petition for involuntary commitment if it is not already provided in #1 above:

_____

b.    State of Residence of person subject to petition: _____

c.    At least one of the following pieces of identifying information:
(i)      Date of Birth _____
(ii)     Driver's License Number _____
         State where issued _____ Expiration date _____
(iii)    State ID number _____
         State where issued _____ Expiration date _____
(iv)     FBI number _____
(v)      Indiana Department of Corrections Number _____
(vi)     Social Security Number is available and is being provided in an attached confidential document.  Yes ____ No ____

7.   There are related cases.   Yes:____        No:_X_   (*If yes, list on continuation page*)

8 .   Additional information required by local rule:  _____

9.  There are other party members represented by undersigned counsel:  Yes:____   No:__X__   (*If yes, list on continuation page*)

10.  This form has been served on all other parties. Certificate of Service is attached: Yes:X_ No:

  _/s/ Jeffrey S. Zipes_____
Jeffrey S. Zipes         15303-29
*Attorney for Defendant,*
*Kroger Limited Partnership I d/b/a Pay Less Super*
*Markets, Inc.*


CERTIFICATE OF SERVICE

        The undersigned hereby certifies that on March 7, 2019, I electronically filed the foregoing document using the Indiana E-filing System ("IEFS").  I certify that the foregoing person was electronically served a copy of the foregoing document:

        Rom Byron
        Ken Nunn Law Office
        104 South Franklin Road
        Bloomington, IN 47404
        romb@kennunn.com


  _/s/ Jeffrey S. Zipes_____
Jeffrey S. Zipes


Jeffrey S. Zipes         # 15303-29
Coots Henke & Wheeler, P.C.
255 East Carmel Drive
Carmel, IN  46032
(317)  844-4693
jzipes@chwlaw.com

P:\JSZ\KROGER\RICHARDSON, MICHAEL\Pleadings\Kroger Appearance.docx

Filed: 3/7/2019 1:49 PM
Madison County Circuit Court 3
Madison County, Indiana

STATE OF INDIANA            )           IN THE MADISON CIRCUIT COURT
                            ) SS:
COUNTY OF MADISON           )           CAUSE NO.:  48C03-1902-CT-000029

MICHAEL RICHARDSON,                  )
                                     )
               Plaintiff,            )
                                     )
       vs.                           )
                                     )
KROGER LIMITED PARTNERSHIP I         )
d/b/a PAY LESS SUPER MARKETS, INC.,) 
                                     )
               Defendant.            )

## MOTION FOR EXTENSION OF TIME TO ANSWER
## PLAINTIFF'S COMPLAINT FOR DAMAGES

Defendant, Kroger Limited Partnership I d/b/a Pay Less Super Markets, Inc., incorrectly sued as Pay Less Super Markets, Inc., by counsel, respectfully moves the Court for an extension of time within which to answer Plaintiff's Complaint.  In support of said Motion, Defendant states as follows:

1.      This matter was initially filed by Plaintiff on or about February 21, 2019, and service was perfected on or about February 28, 2019.  Defendant's responsive pleading is, therefore, currently due on or before March 22, 2019.

2.      Undersigned counsel has just been retained in this matter to represent the Defendant's interests.

3.      Undersigned counsel requires an additional thirty (30) days to investigate the facts and circumstances surrounding this incident in order to prepare an adequate answer and responsive pleading.

WHEREFORE, the Defendant, Kroger Limited Partnership I, requests a thirty (30) day extension of time, through and including, April 22, 2019, within which to file its responsive pleading to the Plaintiff's Complaint, and for all other relief just and proper in the premises.

Respectfully Submitted,

COOTS, HENKE & WHEELER, P.C.

_/s/ Jeffrey S. Zipes_____
Jeffrey S. Zipes          #15303-29
*Attorney for Defendant,*
*Kroger Limited Partnership I d/b/a Pay Less*
*Super Markets, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 7, 2019, I electronically filed the foregoing document using the Indiana E-filing System ("IEFS").  I certify that the foregoing person was electronically served a copy of the foregoing document:

Rom Byron
KEN NUNN LAW OFFICE
104 South Franklin Road
Bloomington, IN 47404
romb@kennunn.com

_/s/ Jeffrey S. Zipes_____
Jeffrey S. Zipes

Jeffrey S. Zipes          # 15303-29
COOTS HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN  46032
(317)  844-4693
jzipes@chwlaw.com

P:\JSZ\KROGER\RICHARDSON, MICHAEL\Pleadings\Motion for Extension of Time.docx

2

STATE OF INDIANA     )             IN THE MADISON CIRCUIT COURT
                            ) SS:
COUNTY OF MADISON    )          CAUSE NO.:  48C03-1902-CT-000029

MICHAEL RICHARDSON,     )
                        )
        Plaintiff,        )
                        )
    vs.                  )
                        )
PAY LESS SUPER MARKETS, INC.,  )
                        )
        Defendant.     )

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

Defendant, Pay Less Super Markets, Inc. ("Kroger"), by counsel, and for its Answer to Plaintiff's Complaint for Damages, alleges and states as follows:

1.   Kroger admits the facts stated in rhetorical paragraph one (1) of Plaintiff's Complaint for Damages.

2.   Kroger is without knowledge or information sufficient to either admit or deny the allegations contained in rhetorical paragraph two (2) of Plaintiff's Complaint for Damages.

3.   Rhetorical paragraph three (3) of Plaintiff's Complaint for Damages states a conclusion of law requiring no response thereto.  In the event this rhetorical paragraph makes factual allegations against Kroger, it herein denies the same.

4.   Rhetorical paragraph four (4) of Plaintiff's Complaint for Damages states a conclusion of law requiring no response thereto.  In the event this rhetorical paragraph makes factual allegations against Kroger, it herein denies the same.

5.   Rhetorical paragraph five (5) of Plaintiff's Complaint for Damages states a conclusion of law requiring no response thereto.  In the event this rhetorical paragraph makes factual allegations against Kroger, it herein denies the same.

6.   Rhetorical paragraph six (6) of Plaintiff's Complaint for Damages states a conclusion of law requiring no response thereto.   In the event this rhetorical paragraph makes factual allegations against Kroger, it herein denies the same.

7.   Kroger denies the allegations contained in rhetorical paragraph seven (7) of Plaintiff's Complaint for Damages.

8.   Kroger denies the allegations contained in rhetorical paragraph eight (8) of Plaintiff's Complaint for Damages.

9.   Kroger denies the allegations contained in rhetorical paragraph nine (9) of Plaintiff's Complaint for Damages.

10. Kroger denies the allegations contained in rhetorical paragraph ten (10) of Plaintiff's Complaint for Damages.

Wherefore, Defendant, Pay Less Super Markets, Inc., by counsel, respectfully prays that Plaintiff take nothing by way of his Complaint for Damages, for costs, and for all other just and proper relief.

## **AFFIRMATIVE DEFENSES**

1.      Any and all allegations contained in Plaintiff's Complaint for Damages not specifically admitted or denied by the Defendant are now specifically denied.

2.      To the extent that the Indiana Comparative Fault Act applies in this case, Plaintiff is to be apportioned fault for any damages he may have sustained.

3.      Subject to the completion of discovery, there may be nonparties as that term is defined in the Indiana Comparative Fault Act whose conduct caused or contributed to cause Plaintiff's alleged damages to whom fault should be apportioned.

4.      Subject to the completion of discovery, Defendants assert that Plaintiff failed to

mitigate his damages.

     5.      Plaintiff has failed to state a claim upon which relief can be granted.

     6.      Defendant reserves the right to assert additional affirmative defenses as the same

become apparent or otherwise disclosed during the course of discovery.

### **<u>JURY TRIAL REQUEST</u>**

     Defendant, Pay Less Supermarkets, Inc., requests that this matter be tried by a jury.

     Respectfully Submitted,

     COOTS, HENKE & WHEELER, P.C.

     */s/ Jeffrey S. Zipes*
     Jeffrey S. Zipes       #15303-29
     *Attorney for Defendant,*
     *Pay Less Super Markets, Inc.*

### <u>CERTIFICATE OF SERVICE</u>

     The undersigned hereby certifies that on April 11, 2019, I electronically filed the foregoing document using the Indiana E-filing System ("IEFS"). I certify that the foregoing person was electronically served a copy of the foregoing document:

     Rom Byron
     KEN NUNN LAW OFFICE
     104 South Franklin Road
     Bloomington, IN 47404
     romb@kennunn.com

     */s/ Jeffrey S. Zipes*
     Jeffrey S. Zipes

Jeffrey S. Zipes     # 15303-29
**COOTS HENKE & WHEELER, P.C.**
255 East Carmel Drive
Carmel, IN  46032
(317)  844-4693
jzipes@chwlaw.com

P:\JSZ\KROGER\RICHARDSON, MICHAEL\Pleadings\Answer.docx

3

STATE OF INDIANA      )                 IN THE MADISON CIRCUIT COURT
                           ) SS:
COUNTY OF MADISON    )          CAUSE NO.:  48C03-1902-CT-000029

MICHAEL RICHARDSON,       )
                              )
         Plaintiff,          )
                              )
     vs.                     )
                              )
KROGER LIMITED PARTNERSHIP I   )
d/b/a PAY LESS SUPER MARKETS, INC.,)
                              )
        Defendant.      )

## **PLAINTIFFS' PRELIMINARY LIST OF WITNESSES AND EXHIBITS**

<u>WITNESSES</u>:

1.    Plaintiff, Michael Richardson

2.    Defendant, Kroger Limited Partnership I d/b/a Pay Less Super Markets, Inc.

3.    Ambulance Provider, Delaware County EMS, 401 East Jackson Street, Muncie, IN 47305

4.    All treating physicians, James Callahan, M.D., 1801 N. Senate Blvd., Suite 610, Indianapolis, IN 46202

5.    All treating physicians, CPN Orthopedic Special Care, 8040 Clearvista Pkwy, Suite 500, Indianapolis, IN 46256

6.    All treating physicians, Indiana Clinic, 1701 N Senate Blvd, Room DG 402, Indianapolis, IN 46202

7.    All treating physicians, IU Health Ball Memorial Hospital, 2401 University Avenue, Muncie, IN 47303-3499

8.    All treating physicians, IU Radiology Associates, 1701 N Senate Blvd., Room DG 402, Indianapolis, IN 46202

2

9.  All treating physicians, St. Vincent Anderson Regional Hospital, 2015 Jackson Street, Anderson, IN 46016

10.  All treating physicians, Summit Radiology, 27356 Network Place, Chicago, IL 60673-1273

11.  Physical therapists, Center for Pain Management, 8805 North Meridian Street, Indianapolis, IN 46260

12.  All doctors that plaintiff has seen for injuries.

13.  Representative(s) of Plaintiffs' health insurers, Medicaid, regarding health insurance premiums and negotiated and/or contracted discounts between the insurer and Plaintiff's medical providers.

14.  Lay witness, Carla Richardson, P.O. Box 602, Anderson, IN 46015

15.  Various lay witnesses, to be named later, will testify to the plaintiff's physical abilities before and/or after the incident.

16.  All witnesses listed by defendant.

17.  Additional witnesses may be listed by plaintiffs after discovery has been completed and prior to any deadlines set by the Court.

18.  Plaintiff reserves the right to call rebuttal witnesses.


EXHIBITS:


1.  Diagram of scene of incident.

2.  Medical records.

3.  Medical bills.

4.  X-rays or other results of diagnostic tests.

5.  911 Calls and/or recordings

3

6.      Medical encyclopedia and/or dictionary.

7.      Physician's Desk Reference.

8.      DSM-5, AMA Guides to the Evaluation of Permanent Impairment, Sixth Edition, or other learned treatises.

9.      Photographs or other depictions.

10.      Video relating to this cause.

11.      Life expectancy tables.

12.      Video depictions/animations/stills of medical treatments and/or surgery performed or to be performed including but not limited to anatomical depictions of the human body and/or instrumentalities used or to be used in such treatments.

13.      Animation depicting how the incident occurred or an expert's opinion on how the incident occurred or might have occurred or similarly including but not limited to instrumentalities and persons and locations involved in the incident.

14.      Demonstrative aids and/or exemplars, including but not limited to photographs, website materials, Facebook or other social media items, Google Earth maps and street views or other computer assisted GPS location programs depicting locations, Google search results, Amazon items for general sale, anatomical illustrations, PowerPoint slides, YouTube videos of mechanism of injury and/or medical treatments and surgeries for conditions, animations, websites, search engine results, musical overlays, reproductions or other representative illustrations, diagrams, drawings or depictions of scenes, people or things involved in this incident and any combination or modification of the above.

15.      All exhibits listed by defendants.

16.      Additional exhibits may be listed by plaintiffs upon completion of discovery and prior to any deadlines set by the Court.

17.      Any and all documents or other materials utilized by any expert retained by defendant and/or plaintiff to testify in this cause of action.

18.    Any and all documents attached and/or referenced in defendant's discovery responses.

Respectfully submitted,
KEN NUNN LAW OFFICE

By:    _____

Rom Byron, #21268-49
Attorney for Plaintiff, Michael Richardson

Rom Byron, #21268-49
Ken Nunn Law Office
Franklin Place
104 S. Franklin Road
Bloomington, IN 47404
Telephone (812) 332-9451
Attorney for Plaintiff, Michael Richardson

**CERTIFICATE OF SERVICE**

I hereby certify that I have mailed or personally delivered a copy of this document to the

following opposing parties on this ___19___ day of ___April___, 2019.

Jeffrey S. Zipes
Coots, Henke & Wheeler, P.C.
255 East Carmel Drive
Carmel, IN 46032

Respectfully submitted,
KEN NUNN LAW OFFICE

By: _____
Rom Byron, #21268-49
Attorney for Plaintiff, Michael Richardson

Rom Byron, #21268-49
Ken Nunn Law Office
Franklin Place
104 S. Franklin Road
Bloomington, IN 47404
Telephone (812) 332-9451
Attorney for Plaintiff, Michael Richardson